# NEW YORK COMMON PLEAS.

## Trevor C. Leutze agt. William Butterfield.

*Application for removal of cause into the circuit court of the United States.*

Where an action is brought by the plaintiff, who resides in this state, as assignee of a person who resides in Massachusetts, against the defendant, also a resident of the latter state, upon attachment proceedings against defendant's property here, the cause cannot be removed into the circuit court of the United States, pursuant to the provisions of sections 2 and 3 of the act of congress, March 3, 1875, as the circuit court is prohibited by section 1 of said act from taking cognizance of such an action.

The discrepancies between sections 1 and 2 of said act of congress examined.

*Special Term, March,* 1876.

THIS action was brought by the plaintiff, who resides in the state of New York, as assignee of Henry E. Townsend, who resides in Massachusetts, against the defendant, also a resident of the latter state. The defendant's property was attached as a non-resident debtor; defendant filed an undertaking to discharge the attachment, and afterwards presented his petition, bond, &c., for the removal of this cause into the United States circuit court, upon the ground that the action is a controversy between citizens of different states.

VAN BRUNT, *J.* — This motion must be governed by the acts of congress of March 3d, 1875, which seem to have been intended to supersede all previous legislation upon the subject; and although there may appear to be some inconsistency between the first and second sections of such act, it is possible to harmonize them so as to give to each its proper force

and effect. Section 1 provides that the circuit court of the United States shall have original cognizance concurrent with the courts of the several states (among which it enumerates suits in which there shall be a controversy between citizens of different states), " and no civil suits shall be brought before either of said courts against any person by original process or proceedings in any other district than that whereof he is an inhabitant; * * * nor shall any circuit or district court have cognizance of any suits founded on contract in favor of an assignee unless a suit might have been prosecuted in such court to recover thereon if no assignment had been made, except in cases of promissory notes negotiable by the law merchant, and bills of exchange." If this section stood alone it might be difficult to see why congress in the act in question, in the latter clause of the paragraph quoted, has made use of the language so different from that used in the first paragraph. When they desire to prevent suits being brought, except in certain districts, they simply said that " no civil suit shall be brought," &c.; but when they desire to restrict the circuit courts from entertaining jurisdiction of suits brought by an assignee, except in certain cases, they say " that no circuit or district court shall have cognizance of any suit founded on contract," &c.; not that no civil suit in favor of an assignee shall be brought before them by any original process, &c., unless a suit might have been prosecuted in such court to recover thereon if no assignment had been made; but they say that circuit courts shall not have cognizance of such suits, unless, &c. This language is much more comprehensive, and it is difficult to see how stronger language could have been used to show that congress did not intend that circuit courts should entertain suits by an assignee, whether brought in these courts by original process or otherwise, unless the action might have been prosecuted in such courts if no assignment had been made. Section 2 then provides: " That any suit of a civil nature at law or in equity now pending or hereafter to

Leutze agt. Butterfield.

be brought in any state court, * * * in which there shall be a controversy between citizens of different states * * · * may be removed by either party into the circuit court of the United States for the proper district." If the construction is placed upon section two that the removal of this cause requires, then, notwithstanding that congress in section one has said not only that no suit such as the one at bar shall be commenced by original process in the circuit court, but that such court shall not have cognizance of a suit where the parties are situated as they are in this case, yet merely because the action was commenced in a state court and is removed to the circuit court pursuant to section two, the positive prohibition of section one is overcome. Section one in the most positive language prohibited the circuit courts from entertaining any such case, and the only construction that can harmonize the two sections seems to be that section two is meant to apply only to cases in which jurisdiction has been conferred upon circuit courts, although it does not expressly say so. If this is not the true construction I am unable to see why, in speaking of suits like the one at bar, congress should have made use of the word cognizance and have used it only in that connection. It is evident that it was intended to provide for the cases in which circuit courts should obtain jurisdiction otherwise than by original process, and to prevent the circuit courts entertaining in any manner suits brought by assignees unless they could have acquired jurisdiction of such action if no assignment had been made. It is clear that if no assignment had been made that the circuit courts could not have acquired original jurisdiction of this action, because the assignor and the defendant both live in the same state. I am of the opinion, therefore, that the circuit court of the United States could not take cognizance of this action if an order of removal, pursuant to the provisions of sections two and three of the act of congress, March 3, 1875, was made, and consequently the motion to remove should be denied, with ten dollars costs to abide event.